**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1391 & 21-1403
_____

ROSEDALE AND ROSEHILL CEMETERY ASSOCIATION

v.

TOWNSHIP OF READINGTON; THE TOWNSHIP COMMITTEE OF THE
TOWNSHIP OF READINGTON,
                                                        *Appellants in 21-1403*

STATE OF NEW JERSEY,
                                                        *Appellant in 21-1391*


_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. No. 3-19-cv-16428)
District Judge: Honorable Freda L. Wolfson
_____

Argued: January 26, 2022
_____

Before: CHAGARES, *Chief Judge*, McKEE and MATEY, *Circuit Judges*

(Opinion filed: April 4, 2022)
_____

Richard P. Cushing **[Argued]**
Gebhardt & Kiefer
1318 Route 31 North
P.O. Box 4001
Annandale, NJ 08801

*Counsel for Township of Readington and The Township Committee of the Township of Readington*

Amy Chung **[Argued]**
Office of Attorney General of New Jersey
Division of Law
25 Market Street
Hughes Justice Complex
Trenton, NJ 08625
 *Counsel for State of New Jersey*

Mark D. Taticchi **[Argued]**
Faegre Drinker Biddle & Reath
One Logan Square
Suite 2000
Philadelphia, PA 19103

Megan K. Balne
Hyland Levin Shapiro
6000 Sagemore Drive
Suite 6301
Marlton, NJ 08053

Robert R. Stanicki
Mackevich Burke Stanicki
1435 Raritan Road
P.O. Box 919
Clark, NJ 07066
 *Counsel for Rosedale and Rosehill Cemetery Association*

_____

OPINION[1]

_____

McKEE, *Circuit Judge*.

_____

[1] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Township of Readington and the Township Committee of Readington appeal the District Court's grant of summary judgment in favor of Rosedale and Rosehill Cemetery Association on Rosedale's facial challenge to the constitutionality of New Jersey's Cemetery Act. The Act prohibits the creation of a cemetery absent consent of the municipality in which the cemetery would be located.[2] In the counts of the complaint relevant to this appeal, Rosedale claimed the Cemetery Act is void for vagueness and therefore unconstitutional on its face because it fails to provide any standards for granting or withholding consent. The District Court agreed and this appeal followed.

For the reasons that follow, we will reverse the grant of summary judgment on Rosedale's facial challenge and remand for consideration of Rosedale's remaining claims.[3]

I.

"In evaluating a facial challenge we must look beyond the application of an ordinance in the specific case before us."[4] Thus, Rosedale must "establish that no set of circumstances exists under which [the Cemetery Act] would be valid, or that the [Cemetery Act] lacks any plainly legitimate sweep."[5] Rosedale argues that the Cemetery Act is unconstitutionally vague because it lacks any standards to guide the municipality's

---

[2] N.J. Stat. Ann. § 45:27-25(a).
[3] We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291 and Fed. R. Civ. P. 54(b). We review a District Court's grant of summary judgment *de novo*. *Freedom From Religion Found., Inc. v. County of Lehigh*, 933 F.3d 275, 279 (3d Cir. 2019).
[4] *Bruni v. City of Pittsburgh*, 824 F.3d 353, 362 (3d Cir. 2016).
[5] *Id*. (quotation marks omitted) (quoting *United States v. Stevens*, 559 U.S. 460, 472 (2010)).

exercise of discretion. However, its facial challenge should have been rejected out of hand because no property interest was alleged . Rosedale's facial challenge is contained in Counts Three and Four of its complaint, yet neither of those counts allege a protected property interest and there is no evidence in the summary judgment record supporting that Rosedale had such an interest.[6] Although Rosedale does attempt to argue a protected property interest in its brief, argument in an opposing brief cannot amend a complaint, nor supplement the record on summary judgment.[7]

Rosedale's entire theory rests upon the unlimited grant of discretion in the Cemetery Act, which permits cemetery use contingent upon municipality approval.[8] However, such "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion."[9] Accordingly, Rosedale's facial challenge fails as it attempts to birth a protected property right from just such a grant of discretion.

Finally, Rosedale's void for vagueness attack on the Cemetery Act fails for an even more fundamental reason: the Act does not grant discretionary authority to judges, juries, or police. Rather, it grants discretion to policymaking bodies of local municipalities. For this reason, as the Sixth Circuit observed in *Ass'n of Cleveland Fire*

---

[6] This is true even though the prior averments in the complaint are incorporated into each of those counts.

[7] Fed. R. Civ. P. 15(a); *see also Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004).

[8] N.J.S.A. § 45:27-25(a); *see also* Appellee Br. at 3; 5; 22-23.

[9] *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005); *see also West v. Ky. Horse Racing Comm'n*, 972 F.3d 881, 890 (6th Cir. 2020) (". . . [A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary.") (internal quotations omitted) (quoting *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002))).

4

*Fighters v. City of Cleveland, Ohio*, "it is unclear how the void for vagueness doctrine is even applicable."[10] In fact, the void for vagueness doctrine, that court explained, "does not apply to this fundamental delegation of authority to [a] legislative body."[11] Here, because the Act delegates authority to a municipality, the doctrine does not apply.

## II.

For the reasons set forth above, we will reverse the District Court and remand for further proceedings consistent with this opinion.

---

[10] 502 F.3d 545, 552 (6th Cir. 2007).
[11] *Id*. at 552–53 (quotation marks omitted) (quoting *Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1184 (9th Cir. 1988)).